CHAD WRIGHT
Wright Legal, P.C.
P.O. Box 1582
Helena, MT 59624
Telephone: (406) 495-9027

Attorney for Defendant Brad Charles Fisher

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CR 12-17-H-CCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S** |
| vs. | ) | **PROPOSED JURY** |
| | ) | **INSTRUCTIONS** |
| **BRAD CHARLES FISHER,** | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Brad Charles Fisher, through counsel, hereby offers the following proposed jury instructions. Mr. Fisher has also attached a clean copy of the following instructions for the Court's use at trial.

DATED: April 26, 2013.

             /s/ Chad Wright
             Chad Wright
      Attorney for Defendant

INSTRUCTION NO. ___

The defendant, BRAD CHARLES FISHER is charged in Count I of the Indictment with Attempt to Evade or Defeat Income Tax in violation of Section 7201 of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed federal income tax for the calendar years 2001 through 2006;

Second, the defendant knew that federal income tax was owed and did not pay this tax;

Third, the defendant made an affirmative attempt to evade or defeat payment of such tax; and

Fourth, in attempting to evade or defeat payment of such tax, the defendant acted willfully.

9th Cir. Crim. Jury Instr. 9.37 - Attempt to Evade or Defeat Income Tax.

DEFENDANT'S PROPOSED INSTRUCTION NO. 1.

INSTRUCTION NO. \_\_\_\_

To "attempt to evade or defeat" a tax involves two things: first, an intent to evade or defeat the tax; and second, some act willfully done in furtherance of such intent. So, the word "attempt" contemplates that the defendant knew and understood that, during the time period charged in the indictment (in or about April 2006 until in or about January 2008), he owed income tax; but that he nevertheless attempted to evade or defeat payment of the tax in some way or manner.

To "evade and defeat" a tax means to escape paying a tax by means other than lawful avoidance.

In order to show an "attempt to evade or defeat" a tax, therefore, the government must prove beyond a reasonable doubt that defendant intended to evade or defeat the tax due, and that the defendant also willfully did some affirmative act in order to accomplish this intent to evade or defeat that tax.

Eighth Circuit Model Jury Instructions (2013) 6.26.7201.TAX EVASION
Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions (4th Ed. 1990), Section 56.04
United States v. Bishop, 412 U.S. 346, 360n. 8 (1973)
Spies v. United States, 317 U.S. 492, 500 (1943)
Sansone v. United States, 380 U.S. 343 (1965)

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

INSTRUCTION NO. __

You all must agree on the same affirmative act of evasion that the defendant in question committed in order to satisfy this element. In other words, it is not sufficient for you to agree that the defendant in question committed some affirmative act of evasion without all of you agreeing on the same affirmative act that he committed.

9th Cir. Crim. Jury Instr. 7.9 - Specific Issue Unanimity
Richardson v. United States, 526 U.S. 813, 818
United States v. Kneen, 889 F.2d 770, 772 (8th Cir. 1989).

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

INSTRUCTION NO. \_\_\_\_\_

The crime of Attempt to Evade or Defeat Income Tax includes the lesser crime of Willful Failure to Pay Tax in violation of Section 7203 of Title 26 of the United States Code. If any of you are not convinced beyond a reasonable doubt that the defendant is guilty of Attempt to Evade or Defeat Income Tax; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of Willful Failure to Pay Tax, you may find the defendant guilty of Willful Failure to Pay Tax.

In order for the defendant to be found guilty of the lesser crime of Willful Failure to Pay Tax, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed taxes for the calendar years 2001 to 2006;

Second, the defendant failed to pay the taxes for the years 2001 to 2006 as required by Title 26 of the United States Code; and

Third, in failing to do so, the defendant acted willfully.

9th Cir. Crim. Jury Instr. 3.14 Lesser Included Offense
9th Cir. Crim. Jury Instr. 9.38 Willful Failure to Pay Tax or File Tax Return (26 U.S.C. § 7203)
United States v. DeTar, 832 F.2d 1110, 1113-14 (9th Cir. 1987)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

# CERTIFICATE OF SERVICE

## L.R. 5.2(b)

I hereby certify that on April 26, 2013, a copy of the foregoing document was served upon the following persons by the following means:

```
_1-3__  CM/EF
_____   Hand delivery
_____   Mail
_____   Overnight Delivery Service
_____   Fax
_____   E-mail
```

1. CLERK, United States District Court

2. CHAD C. SPRAKER, *Counsel for United States*

3. JOSEPH A. RILLOTTA, *Co-counsel for United States*


                                            /s/ Chad Wright
                                            Chad Wright